SOKOLOF REMTULLA
Daniel I. Singer, Esq. SBN227907
2601 Main Street Suite 1300
Irvine, California 92614
Telephone (949)449-1574
dsinger@sokrem.com

Attorney for Plaintiff
Titan Capital ID, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DISTRICT

| | |
|---|---|
| TITAN CAPITAL ID, LLC, a Delaware limited liability company<br><br>           Plaintiff,<br><br>     vs.<br><br>SHANE WARREN THOMSON, an individual; and DOES 1 through 20, inclusive<br><br>           Defendant | Case No.:<br><br>**COMPLAINT FOR**<br>**(1) Breach of Promissory Note**<br>**(2) Money Lent**<br>**(3) Breach of Implied Covenant and Fair Dealings**<br>**(4) Unjust Enrichment**<br>**(5) Accounts Stated**<br>**(6) Declaratory Relief** |

   Plaintiff, Titan Capital ID, LLC (hereinafter "Plaintiff") respectfully states as follow for its' Complaint ("Complaint") against Defendant Shane Warren Thomson and DOES 1-20, inclusive (herein collectively referred to as "Defendant")

**PARTIES AND JURISDICTION**

   1.   Plaintiff, Titan Capital ID, LLC is a Delaware limited liability and has its principal place of business in New York, New York.

   2.   Defendant Shane Warren Thomson (hereinafter "Defendant") is an individual residing in the City of Alhambra, County of Los Angeles, State of California.

   3.   The true names and capacities of defendants Does 1 through 20 are unknown to Plaintiff who sues them by fictitious names. Plaintiff alleges on information

and belief that each fictitiously named defendant is liable in some manner for the harm that Plaintiff suffered as alleged below.

**VENUE AND JURISDICTION**

4. Jurisdiction is conferred upon this Court by 28 U.S.C Section 1332. The Plaintiff is not incorporated in the same state as Defendant, Plaintiff's principal place of business is in another state, and the amount in controversy exceeds more than $75,000.00.

5. Venue is proper in this court as substantial part of the events alleged herein occurred in the City of Alhambra, County of Los Angeles, and within this judicial district, including substantially negotiating loan agreements to be performed in the City of Alhambra.

**FIRST CAUSE OF ACTION**

**(For Breach of Promissory Note, Against Defendant and DOES 1-20)**

6. Plaintiff re-alleges and incorporates herein by this reference each of the allegations made in paragraphs 1 through 5 above.

7. On or about December 30, 2020, as consideration for a loan of One Hundred Thousand Dollars ($100,000.00), Defendant executed and deliver to Plaintiff a Promissory Note (hereinafter "Promissory Note" or "Contract") of that date in the principal sum of One Hundred Thousand Dollars ($100,000.00). Pursuant to the Contract, Defendant promised to repay the principal amount of the note to Plaintiff, plus interest thereon in the amount of five (5) percent by no later than December 31, 2021. A copy of the Contract is attached to this Complaint as **Exhibit 1** and incorporated herein by this reference.

8. Defendant failed to pay the amount due under the Contract by the maturity date.

9. On or about February 8, 2022, Plaintiff and Defendant entered into a written amendment to the Contract ("Amendment"). Pursuant to the Amendment,

Plaintiff agreed to extend the maturity date from December 31, 2021 to June 30, 2022. (See Amendment attached hereto as **Exhibit 2** and incorporated herein by this reference)

10. Defendant again failed to pay the amount due under the Contract, as amended, by June 30, 2022.

11. The amount now due under the Contract as of June 20, 2023 is $103,236.09 (i.e. the principal amount of $100,000.00 plus accrued interest thereon in the amount of $3,236.09).

12. Plaintiff has performed all the conditions, covenants, and agreements on its part to be performed under the Contract.

13. As a proximate result of Defendant's breach of, and default under, Contract, Plaintiff has been damaged in the amount of $103,236.09 plus interest thereon at the rate of 5% per year from and after June 20, 2023.

14. The Contract provides that attorney's fees and costs, which are incurred to enforce the parties' obligations thereunder, shall be awarded to the prevailing party.

## SECOND CAUSE OF ACTION

### (For Money Lent Against Defendant and DOES 1-20)

15. Plaintiff re-alleges and incorporates herein by this reference each of the allegations made in paragraphs 1 through 14 above.

16. All Defendants, and each of them, within the last four years became indebted to Plaintiff in the principal sum of One Hundred Thousand Dollars ($100,000.00) for money lent by Plaintiff to Defendant at Defendant's special instance and request.

17. Said sum has not been paid, although demand has been made by Plaintiff on Defendant, and there is now due, owing and payable to Plaintiff from Defendant the principal sum of One Hundred Thousand Dollars ($100,000.00) plus accrued interest, costs and other charges.

///

///

COMPLAINT

## THIRD CAUSE OF ACTION

### (Breach of Implied Covenant of Good Faith and Fair Dealing Against Defendant and DOES 1-20)

18. Plaintiff re-alleges and incorporates herein by this reference each of the allegations made in Paragraphs 1 through 17 inclusive.

19. In the Contract between the Plaintiff, on the one hand, and the Defendant, on the other hand, set forth in this Complaint, the Defendant had impliedly promised to act in good faith and fair dealing.

20. The Defendant unfairly interfered with the rights of the Plaintiff to receive the benefits from each contract.

21. Unless otherwise so excused or waived, Plaintiff performed all, or substantially all, of its duties under the Contract. All the conditions required for Defendant to perform had occurred.

22. Due to breaching the Contract, as amended, Defendant prevented the Plaintiff from receiving the benefits under the Contract. By doing so, the Defendant did not act fairly and in good faith.

23. Plaintiff was harmed by the Defendant's conduct.

24. Plaintiff seeks recovery of repayment of the Contract with interest, monetary damages, attorney's fees and costs, fees and costs, expenses, monies, costs and demands incurred by or demanded from Plaintiff, all remedies available under the contract, and all other costs and remedies the Court deems just and proper which were caused to the Plaintiff by the Defendant's breaches.

## FOURTH CAUSE OF ACTION

### (Unjust Enrichment Against Defendant and DOES 1-20)

25. Plaintiff re-alleges and incorporates herein by this reference each of the allegations made in paragraphs 1 through 24 above.

///

///

COMPLAINT

26. In the Contract between the Plaintiff, on the one hand, and the Defendant, on the other hand, set forth in this Complaint, the Defendant unfairly interfered with the rights of the Plaintiff to receive the benefits from the Contract.

27. Unless otherwise so excused or waived, Plaintiff performed all, or substantially all, of its duties under the Contract. All the conditions required for Defendant to perform had occurred.

28. Due to breaching the contract, Defendant received the benefit of the Contract without performing its obligation under the Contract. By doing so, the Defendant was unjustly enriched.

29. Plaintiff was harmed by the Defendant's conduct.

30. Plaintiff seeks recovery of repayment of the Contract with interest, monetary damages, attorney's fees and costs, expenses, monies, costs and demands incurred by or demanded from the Plaintiff, all remedies available under the contract, and all other costs and remedies the Court deems just and proper which were caused to Plaintiff by the Defendant's breaches.

### FIFTH CAUSE OF ACTION
### (Accounts Stated Against Defendant and DOES 1-20)

31. Plaintiff re-alleges and incorporates herein by this reference each of the allegations made in Paragraphs 1 through 30 inclusive.

32. In the contract between Plaintiff, on the one hand, and Defendant, on the other hand, set forth in this Complaint, a debtor-creditor relationship was established, such that an amount was due and owing from the Defendant to the Plaintiff.

33. Defendant, and each of them, promised to pay the amount due to Plaintiff, as established and agreed upon.

34. Defendant, and each of them, failed to pay any of the amounts due under the account, such that money is due and owing by Defendant to Plaintiff.

35. Plaintiff was harmed by the Defendant's conduct.

36. Plaintiff seeks recovery of repayment of the Contract with interest, monetary damages, attorney's fees and costs, expenses, monies, costs and demands incurred by or demanded from Plaintiff, all remedies available under the contract, and all other costs and remedies the Court deems just and proper which were caused to Plaintiff by the Defendant's breaches.

### SIXTH CAUSE OF ACTION

### (Declaratory Relief Stated Against Defendant and DOES 1-20)

37. Plaintiff re-alleges and incorporates herein by this reference each of the allegations made in Paragraphs 1 through 36 inclusive.

38. A dispute has arisen, and an actual controversy now exists, between Plaintiff, on the one hand, and Defendant, and each of them, on the other hand, concerning the respective rights, duties, and obligations of the Defendant, and each of them, under the Contract which is the subject of this Complaint. Plaintiff respectfully requests a declaration of rights and duties of the Defendant to Plaintiff as to the disputed provisions of each said Contract relative to the Defendant's breaches and the remedies available to Plaintiff.

### Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendant's, and each of them, as follows:

1. For judgment in Plaintiff's favor and against Defendant
2. For general and special damages in an amount to be proven at trial;
2. For attorneys' fees and cost according to proof;
4. For costs of suit herein incurred; and
5. For such other relief as the Court may deem just and proper.

///
///
///
///

Dated June 21, 2023				SOKOLOF REMTULLA

						By: /s/ Daniel I. Singer
						Daniel I. Singer, Esq.
						Attorney for Plaintiff
						Titan Capital ID, LLC